UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WINSTON RILEY,<br>　　　Petitioner, | :<br>:<br>: |
| v. | : Case No. 3:16-cv-1613 (VAB) |
| SCOTT SEMPLE,<br>　　　Respondent. | :<br>:<br>:<br>: |

3

**RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE**

Petitioner, Winston Riley, currently confined at Carl Robinson Correctional Institution and proceeding *pro se*, has filed this habeas corpus action under 28 U.S.C. § 2254, to challenge his 2013 conviction.

Pending before the Court are two motions. Scott Semple (the "Respondent" or "Mr. Semple") has moved to dismiss Mr. Riley's claims, ECF No. 16, and Mr. Riley has moved to amend the First Amended Petition, ECF No. 18.

For the reasons that follow, the court **GRANTS** Mr. Riley's motion to amend and **DENIES** the respondent's motion to dismiss as moot.

**I.　PROCEDURAL BACKGROUND**

Following a trial in July 2013, a jury convicted Mr. Riley of attempted robbery, attempted larceny, and threatening and carrying a dangerous weapon. The Court subsequently sentenced him to a six-year term of imprisonment. Am. Pet., ECF No. 10, at 2.

On direct appeal, Mr. Riley argued that there was insufficient evidence to support the jury's rejection of his defense of renunciation and the jury instruction on renunciation was constitutionally inadequate. The Connecticut Appellate Court affirmed the conviction and the

Connecticut Supreme Court denied certification to appeal. *State v. Riley*, 123 A.3d 123, 126–27 (Conn. App. 2015).

In July 2014, Mr. Riley commenced a state habeas proceeding. A trial on the merits of the petition was scheduled to begin on October 30, 2017. *See generally Riley v. Warden, State Prison*, No. CV14-4006347-S (Conn. Super. Ct.). In February 2017, Mr. Riley commenced a second state habeas proceeding to challenge the denial of his request for immigration parole. *See generally Riley v. Commissioner of Correction*, No. CV17-4008656-S (Conn. Super. Ct.).

In his Amended Petition, filed February 16, 2017, Mr. Riley challenges his conviction on four grounds: (1) the trial court omitted a critical portion of his requested instruction on renunciation; (2) there was insufficient evidence to dispute renunciation; (3) the jury was misled; and (4) the Connecticut Appellate Court decision is not in accord with Connecticut Supreme Court decisions.

## II.  STANDARD OF REVIEW

Before filing a petition for writ of habeas corpus in federal court, the petitioner must properly exhaust state court remedies. 28 U.S.C. § 2254(b)(1)(A); *accord O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).

To assess whether the claim has been appropriately exhausted under 28 U.S.C. § 2254(b)(1), the Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. *Galdamez v. Keane*, 394 F.3d 68, 73–74 (2d Cir.) (citing *Jones v. Vacco,* 126 F.3d 408, 413 (2d Cir.1997)). Second, he must have utilized all available means to secure appellate review of his claims. *See Galdamez*, 394 F.3d at 74 ("[A] petitioner cannot claim to have exhausted his or her remedies by dint of no longer possessing the right under the law of the State to raise, by any available procedure, the question presented, if at some point the petitioner had that right but failed to exercise it.") (internal citation and quotation marks omitted) (citing *O'Sullivan,* 526 U.S. at 848). The federal claims must be clearly set forth in the petition or brief. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so").

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted. *See Galdamez*, 394 F.3d at 73–74.

III. **DISCUSSION**

Mr. Semple moves to dismiss the petition on the ground that Mr. Riley failed to exhaust his state court remedies with regard to all grounds for relief. Specifically, Respondent contends that Mr. Riley has not fully exhausted his state court remedies on the second ground for relief. In

3

response, Mr. Riley seeks leave to amend his petition and abandon the unexhausted claim. Mr. Riley's motion to amend is granted. In light of the withdrawal of the unexhausted claim, the motion to dismiss is denied.

## IV. CONCLUSION

Mr. Riley's motion is **GRANTED**. The Clerk is directed to docket the proposed Second Amended Petition.

Respondent's motion to dismiss the amended petition for writ of habeas corpus is **DENIED** as moot. The case will proceed only on the following claims for which the Respondent concedes that the Petitioner has exhausted his state court remedies: whether (1) the trial court omitted a critical portion of the requested jury instruction on renunciation; (2) the allegedly improper jury instruction misled the jury; and (3) the Connecticut Appellate Court's decision comported with supreme court law.

The respondent is **ORDERED** to file a response on or before **February 16, 2018**, addressing why the relief prayed for in the Second Amended Petition should not be granted.

**SO ORDERED** this 2nd day of January, 2018, at Bridgeport, Connecticut.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE